CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
May 05, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ S. Wray
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:20-cr-63 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| JOE MITCHELL CHAPMAN, JR. ) | Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Defendant Joe Mitchell Chapman, Jr., proceeding *pro se*, filed a letter motion asking for counsel to assist him in filing a motion for compassionate release. (Dkt. No. 188.) Because his letter also set forth the basic grounds for his motion, the court construed it as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as modified by the First Step Act of 2018. (Dkt. No. 187.) The court appointed counsel, who filed an amended motion. (Dkt. No. 196.) The United States opposes the relief. For the reasons set forth herein, both motions will be denied. The court notes, however, that Chapman's sentence was recently reduced by the court as a result of Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.).

I. BACKGROUND

Chapman was named in two counts of a multi-count, multi-defendant indictment, and he ultimately pled guilty to a single count of conspiracy to distribute 1000 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. In September 2022, the court sentenced him to a term of imprisonment of 54 months, to be followed by a three-year term of supervised release, and judgment was entered against him on October 12, 2022. (Dkt. No. 149, 159.) Before this motion was filed, the parties also briefed Chapman's request for relief under Amendment 821, and the court has granted that motion and reduced his term of imprisonment to 48 months.

In his first motion for compassionate release, received by the Clerk in February 2024,

Chapman sought relief on the grounds that both of his parents were suffering from significant "deleterious health conditions." (Mot. 1, Dkt. No. 188.) His counsel's amended motion, filed later in 2024 after seeking and receiving extensions of time, provides additional information about those health conditions, and it includes medical records and other documentation.

In brief, Chapman presents information that his father, a disabled military veteran, has a paralyzed lung, COPD, and Stage IV kidney disease and that he is on a transplant list awaiting a new kidney. Chapman suggests that he may be a match and could be a possible donor for his father, but he does not know because he cannot be tested while in custody. (Am. Mot. 2, Dkt. No. 196.) His mother has progressively worsening dementia, and Chapman's father struggles to care for her. (Mot. 2; Am. Mot. 5.) He notes that his only other siblings are two sisters, but both of them are disabled with families of their own and cannot care for their parents. The family tried to hire home health nurses to assist his mother, but Mrs. Chapman "became combative, ultimately causing her caregivers to quit." (Am. Mot. 4.) He asks to be released so that he may go home to care for his "elderly and severely sick parents." (*Id.*)

The United States opposes the motion for relief. It points out that these same issues were raised at Chapman's sentencing and relies on authority saying that a motion for compassionate release cannot be based on facts that existed at sentencing. (Opp'n 5, Dkt. No. 198 (quoting *United States v. Melvin*, No. 23-6011, 2023 WL 5974872, at *2 (4th Cir. Sept. 14, 2023)).) It thus suggests that his motion is really a request for resentencing. (*Id.*)

II. DISCUSSION

A. Compassionate Release Under the First Step Act

Commonly termed the "compassionate release" provision, 18 U.S.C. § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence under certain circumstances. As

amended by the First Step Act and in pertinent part,[1] the statute provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i). If a court finds extraordinary and compelling reasons for release, it must then consider the 18 U.S.C. § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's sentence. *United States v. Centeno-Morales*, 90 F. 4th 274, 279 (4th Cir. 2024).

In addition to satisfying the above, the reduction must be "consistent with [the] applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In 2023, the Commission issued an amended policy statement setting forth a non-exhaustive list of circumstances which may individually or in combination constitute "extraordinary and compelling" reasons for a sentence reduction. *See* U.S.S.G. § 1B1.13. Chapman's motion is governed by that policy statement.[2]

Chapman's motion under § 3582(c)(1)(A) thus requires the court to consider (1) if he

---

[1] Prior to the First Step Act of 2018, only the Bureau of Prisons could seek relief in court under the statute. The First Step Act changed the statute to allow a federal inmate to file a motion for compassionate release directly with the court after exhausting his administrative remedies.

[2] If the court were to reduce Chapman's sentence, it would be required to use the version of the policy statement in effect on that date. U.S.S.G. § 1B1.10, appl. note 9. The court thus analyzes his motion under the amended guidelines.

3

exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

"A movant for compassionate release bears the burden of showing why the § 3553(a) factors justify a modified sentence." *Centeno*-Morales, 90 F.4th at 279. *See also United States v. Hargrove,* 30 F.4th 189, 195 (4th Cir. 2022) (noting that the inmate provided information "to carry his burden of demonstrating that his medical conditions served as an extraordinary and compelling reason for release").

B. **Exhaustion**

Based on the statements in Chapman's motion, it appears that he has properly exhausted his administrative remedies. In particular, he filed a request with the Bureau of Prisons and thirty days passed with no response. (Mot. 1.) The government "does not dispute" that he has satisfied the exhaustion requirement, and the court so finds. (Opp'n 1 n.1, Dkt. No. 198.) The court turns next to whether Chapman has shown "extraordinary and compelling" circumstances so as to render him eligible for a sentence reduction.

C. **Extraordinary and Compelling Reasons**

As previously noted, Chapman seeks compassionate release on the basis of his parents' failing health. The Guidelines recognize a limited number of family circumstances that may constitute "extraordinary and compelling" reasons, including "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver." U.S.S.G. § 1B1.13(b)(3)(C). Chapman acknowledges that, at least as of the filing of the motion, his father is not yet incapacitated "to the extent that perhaps the statute envisioned," but argues that his father's advanced age and "unique health issues" make it likely that he soon will be. And he contends that his mother also requires constant care and that his father, while willing, is unable to

4

provide that care.

He urges that the court grant relief under U.S.S.G. § 1B1.13(b)(5), which states:

> Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b)(5).

The United States does not raise the argument here, but the court is aware that in other cases, the United States has argued that the narrow catch-all provision cannot be utilized where the reasons given correlate to other listed reasons in § 1B1.13(b)(1)–(4). *See United States v. Dowell*, No. 4:21-CR-00010, 2025 WL 644291, at *7 (W.D. Va. Feb. 27, 2025) (noting the government's argument to that effect).

As in the *Dowell* case, the court need not resolve the applicability of subsection (b)(5) here. Even if the court were to assume, for purposes of this opinion, that Chapman could utilize subsection (b)(5), the fact that all of these circumstances were known to the court at sentencing counsels against a finding of "extraordinary and compelling" circumstances. Indeed, the court heeds the Fourth Circuit's warning in *Melvin*, that it may not "simply tak[e] facts that existed at sentencing and repackage[e] them as 'extraordinary and compelling.'" 2023 WL 5974872, at *2. Doing so would render "the general rule of finality and the extraordinary-and-compelling reasons requirement superfluous, void, or insignificant." *Id.*

Here, the record is clear that the court was aware of all of the facts mentioned in Chapman's motion at the time it sentenced him. At the sentencing hearing, Chapman's father testified about his wife's dementia, and he also testified about his own medical problems,

5

including that he had COPD, stage IV kidney disease, and that his right lung was paralyzed.[3] One of Chapman's sisters also testified. She spoke about an occasion when she and her other sister were not able to get their mother out of her bed, and Chapman took off an hour from work to come home and help them. She also testified that she believed he needed to be home for himself and for his family. The Presentence Investigation Report (PSR) and defendant's sentencing memorandum also referenced the health issues of Chapman's parents and the great assistance that he provides to them. (PSR ¶¶ 67–68; Def.'s Sent. Mem. 5, Dkt. No. 143.)

Further, even considering the § 3553(a) factors anew, the court concludes that Chapman is not entitled to relief.

**D. Section 3553(a) Factors**

When determining whether a sentencing reduction is warranted, the court must consider any applicable sentencing factors under 18 U.S.C. § 3553. Those factors include:

- the nature and circumstances of the offense;
- the history and characteristics of the defendant;
- the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to deter criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational, vocational and other correctional treatment services;
- the kinds of sentences available and the sentencing range for his offense; and
- the need to avoid unwarranted sentence disparities.

18 U.S.C. § 3553(a).

In considering those factors, however, and as already noted, the court finds it significant that all, or nearly all, of the relevant information was before the court at the time Chapman was sentenced. And although the evidence now before the court suggests that the medical conditions of his parents may have worsened some since he was sentenced, that was to be expected given

---

[3] The sentencing transcript is not in the record, but the court has reviewed a rough draft of the transcript prepared by the court reporter, which supplements the court's own recollection of the sentencing.

their conditions at the time, and it was something the court considered.

In reviewing the sentencing transcript, the court's statement of reasons (Dkt. No. 60), and the sentence modification the court has separately granted under Amendment 821, the court believes that a 48-month sentence is appropriate. The sentence is appropriate for many of the reasons given for the original sentence. Briefly summarized, the amount of heroin Chapman distributed and the length of time he did so—in excess of four years—was significant and warrants a significant punishment. The fact that he twice traded or sold a firearm was also troubling and made his offense more dangerous. The court also emphasized the need to punish, to deter similar conduct, to promote respect for the law, and to protect the public.

As discussed at sentencing and in the court's ruling on his separate motion to reduce sentence, though, there are many favorable things about Chapman and his case. The court incorporates by reference herein both its rulings at sentencing and its Amendment 821 ruling. For all of those reasons, the court concludes that a 48-month sentence is sufficient, but not greater than necessary, to serve the purposes of sentencing.

The court recognizes the difficult situation of Chapman's family, and it may well be that his immediate release and his presence in their daily lives would help them all. But that was true at sentencing, as well. And the court is required to consider *all* of the § 3553(a) factors in fashioning an appropriate sentence. Here, those factors simply do not support reducing his sentence to time served, nor do they support a sentence below his modified 48-month sentence.

### III. CONCLUSION AND ORDER

For the reasons stated above, it is hereby ORDERED that Chapman's motion and amended motion for a reduced sentence based on the compassionate release statute (Dkt. Nos.

188, 196) are DENIED.  The clerk is directed to provide a copy of this order directly to Chapman, to all counsel of record, and to the United States Probation Office.

Entered: May 5, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge